UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | |
|---|---|
| SEAN LAMONT DUDLEY,<br><br>    Petitioner,<br><br>v.<br><br>H. ALLEN BEARD.,<br><br>    Respondent. | Civil Action No. 0:20-149-KKC<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Sean Lamont Dudley is an inmate at the Federal Correctional Institution (FCI) in Ashland, Kentucky.  Proceeding without a lawyer, Dudley filed multiple submissions with this Court, which the Clerk's Office docketed for administrative purposes as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, as well as a corresponding motion for injunctive relief.  *See Dudley v. Beard*, No. 0:20-cv-148-GFVT, at Rs. 1, 3 (E.D. Ky. 2020).  There were, however, multiple procedural problems with Dudley's submissions, and, therefore, the Court denied his petition and motion and struck the action from the docket.  *See id.* at R. 6.

That said, the Court's denial was without prejudice to Dudley's right to file one or more new § 2241 petitions regarding the matters raised in his submissions.  *See id.*  In fact, the Court even sent Dudley the proper forms to initiate a new § 2241 petition, including the E.D. Ky. 521 Form, and it explained how Dudley could correctly start a new action.  *See id.*

Instead of completing and filing the Court-approved E.D. Ky. 521 Form, as instructed, Dudley filed his own new, lengthy, handwritten § 2241 petition and corresponding motion.  [R. 1].

That submission, which is rather difficult to follow, is now before the Court on initial screening pursuant to 28 U.S.C. § 2243.

The Court has fully reviewed Dudley's latest petition, but it will deny his request for habeas relief at this time. That is because Dudley has not yet fully exhausted his administrative remedies regarding the matters raised in his petition. Indeed, Dudley makes it clear that he has only pursued his administrative remedies through the Regional Director/BP-10 level; in fact, Dudley specifically alleges that the Regional Director had a November 21, 2020 deadline to respond to him but failed to do so. [*See* R. 1 at 4-5]. However, even if that is true, the law states that if an "inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18. This means the next step in the process would be for Dudley to use a BP-11 Form to appeal the matter administratively to the Bureau of Prisons' General Counsel, who would then have 40 days to respond. *See id.* Ultimately, since Dudley has not yet completed that process, and the United States Court of Appeals for the Sixth Circuit has made it clear that a prisoner *must* fully exhaust his administrative remedies before seeking § 2241 habeas relief, *see Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013), Dudley's petition is, at best, premature.[1]

Accordingly, it is **ORDERED** that:

---

[1] It is worth noting that Dudley cites the CARES Act and suggests that the Bureau of Prisons is improperly refusing to move him from FCI – Ashland to home confinement. [*See* R. 1 at 4-6]. However, in a recent § 2241 action, this Court denied habeas relief to another prisoner who was also citing the CARES Act and seeking release to home confinement. *See Woods v. Bureau of Prisons*, No. 0:20-cv-115-KKC, at R. 5 (E.D. Ky. 2020). In that case, the Court noted that the CARES Act does not give courts the authority to grant home confinement requests, as well as the fact that the Bureau of Prisons' placement decisions are generally insulated from judicial review. *See id.* at 4-5.

Dudley also cites 18 U.S.C. § 3582(c)(1)(A) as a basis for relief. [*See* R. 1 at 4]. However, a § 3582(c) motion for modification of an imposed term of imprisonment must be made to the Court that sentenced Dudley; it may not be filed with this Court. *See Woods*, No. 0:20-cv-115-KKC, at R. 5.

1. Dudley's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED** for the reasons stated above.

2. All pending motions are **DENIED** as moot.

3. This action is **STRICKEN** from the Court's docket.

4. The Court will enter a corresponding Judgment.

Dated December 17, 2020

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY